**BLOCK ISLAND LAND TRUST**

v.

**WASHINGTON TRUST COMPANY.**

**No. 97–185–Appeal.**

Supreme Court of Rhode Island.

May 22, 1998.

Lauren E. Jones, Providence, for Plaintiff.

William Nardone, Westerly, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This appeal questions whether a transfer fee was due and owing under the Block Island Land Trust Enabling Act, P.L.1986, ch. 268 (enabling act), as amended by P.L.1987, ch. 266, when a mortgage-lending institution purchased real estate at a foreclosure sale pursuant to its powers under a mortgage deed. We answer this question in the affirmative and affirm the Superior Court's judgment below.

## Facts and Travel

The parties submitted the case to the trial justice on stipulated facts. The defendant, Washington Trust Company (Washington Trust), a private commercial lending institution, issued loans secured by mortgages on two separate parcels of real property (referred to herein as the Hall and the Green properties) in the town of New Shoreham on Block Island. These standard statutory-form mortgages provided that the borrower/mortgagor "does hereby mortgage, grant and convey to Lender [Washington Trust], with power of sale, the following described property located in the Town of New Shoreham." Thereafter, both borrowers defaulted on their loans, and Washington Trust advertised the properties for sale. At the foreclosure sale Washington Trust itself bid $375,000 for the Green property and $45,000 for the Hall parcel, each constituting the high bid on each property.

Thereafter Washington Trust, as mortgagee, executed a foreclosure deed to itself, as purchaser, for each of the two properties. The deed relating to the Green property was entitled "Foreclosure Deed under Power of Sale in Mortgage (Statutory Form)" and provided, inter alia, that

"THE WASHINGTON TRUST COMPANY, * * * holder of a mortgage by WILLIAM J. GREEN to said THE WASHINGTON TRUST COMPANY, * * * by the power conferred by said mortgage, and

by every other power it thereunto enabling, for Three Hundred Seventy Five Thousand ($375,000.00) Dollars paid, grants to THE WASHINGTON TRUST COMPANY * * * the premises conveyed by said Mortgage."

The Hall foreclosure deed was substantially similar in form. In each instance Washington Trust applied the amount bid at the sale to reduce the outstanding balance owed on the note underlying each mortgage.

Upon recording each foreclosure deed, Washington Trust attached an affidavit to the deed, claiming exemption from any transfer fee imposed by the enabling act on the ground that it paid no consideration for the properties. The plaintiff, Block Island Land Trust, is a public entity created by section 1 of the enabling act and charged with the mission of preserving environmentally sensitive lands on Block Island. The plaintiff filed suit in Washington County Superior Court for a declaratory judgment that defendant was obligated to pay a 3 percent transfer fee currently imposed under the act. In a comprehensive written opinion a Superior Court trial justice determined that defendant's purchases of the properties in question were "indeed taxable events" subject to the enabling act's transfer fee.

Washington Trust filed a timely appeal, and this Court ordered both parties to show cause why the appeal should not be decided summarily. No cause having been shown, we proceed to decide the appeal at this time and affirm the judgment below largely on the basis of the well-considered decision of the trial justice. We add only the following.

## Analysis

Section 7 of the enabling act provides in pertinent part:

"Whenever there is a *transfer* of real property situated in the town of New Shoreham on which there is imposed a tax under section 44-25-1 of the general laws, there is hereby imposed, in addition to said tax, a fee not to exceed the amount of five percent (5%) of the amount of the purchase price * * *. The town clerk shall not record or register, or receive or accept for recording or registration, any deed, *except*

*a mortgage deed*, to which has not been affixed such certificate [evidencing payment of the transfer fee]." (Emphasis added.)

The crux of defendant's argument is that Rhode Island has adopted the "title theory" of mortgages and that, under that theory, title to mortgaged real property passes to the mortgagee at the time the mortgage deed is executed. Therefore, defendant contends, no transfer of title to real property occurred when it sold the property to itself at a foreclosure sale after a default on the underlying loan, and no consideration was exchanged in the course of the sale. In addition, defendant asserts, the enabling act expressly exempted the initial grant of the mortgage from any transfer-fee collection when it issued the loan.

■ We agree with defendant that the recording of a mortgage deed upon the initial grant of a mortgage interest was excepted from the transfer fee by the express terms of the enabling act. However, we do not agree that the title theory of mortgages means that no transfer of title occurs when a mortgagee exercises its power of sale on a mortgaged property and then purchases a fee interest in that property upon recitation or provision of adequate consideration and application of that consideration to the mortgagor's outstanding debt.

■ There is no doubt that Rhode Island courts have adopted the so-called title theory of mortgages to resolve various questions of real-property law. However, the title theory is a fiction designed to aid in decision making; it is not an absolute per se rule of law. In *Houle v. Guilbeault*, 70 R.I. 421, 423, 40 A.2d 438, 440 (1944), this Court noted that:

"[i]n this state a first mortgage is a conveyance to such mortgagee of the legal fee in the land, defeasible upon condition that the mortgagor will perform the condition of the mortgage. * * * [T]he mortgagor is not seised of the legal fee in the land until he performs the condition, although, generally speaking and as between him and persons other than a mortgagee, *he is still regarded as the owner of the land for*

*many purposes*, which we need not mention here."

The fiction that the mortgagee holds title to the mortgaged property is useful for resolving questions involving the encumbrancing of property held in joint tenancy, *see* Roger A. Cunningham et al., *The Law of Property* § 5.4, at 201 (2d ed. 1993), or a mortgagee's right to an equitable lien on proceeds of a condemnation, *see In re D'Ellena*, 640 A.2d 530, 533 (R.I.1994). *See also* 4 Richard R. Powell, *Real Property* § 37:03 (1997) (discussing provenance of title theory and lien theory of mortgages). However, we conclude that this case presents a situation involving one of the "many purposes" to which the *Houle* court alluded, for which the mortgagor "is still regarded as the owner of the land."

To facilitate loan transactions secured by real estate, the enabling act does not impose a transfer tax when a mortgage deed is executed and granted to the mortgagee. But when the mortgagee exercises its rights upon default and takes steps to foreclose the mortgage, either by power of sale, by peaceable entry, or by judicial proceeding, *see* G.L.1956 § 34-23-2 (statutory right of redemption) and § 34-23-3 (foreclosure of equity of redemption), the mortgagee indicates its intent to apply the real-property collateral securing the underlying obligation to satisfy any outstanding debt. When the mortgagee elects to sell the property, the purchaser takes a fee interest subject only to the mortgagor's right of redemption. The interest thus taken by the purchaser, which includes the right to immediate possession, is distinct in numerous respects from a mortgagee's interest, which is subject to the terms and conditions of the mortgage agreement. *See* 4 Powell § 37:46, at 37-319 (discussing nature of interests pending statutory redemption). Accordingly, with respect to a transfer resulting from a foreclosure sale of the mortgaged premises, it does not matter whether the purchaser is a third party or the mortgagee itself—both transactions are subject to the transfer fee. Therefore, the sale of the Hall and the Green properties constituted a transfer of title subject to any transfer fee imposed pursuant to the enabling act.

**Conclusion**

For the above reasons the defendant's appeal is denied, and the judgment of the Superior Court is affirmed.